IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| J.T., individually and as next friend of M.L., a minor, § § § | |
| Plaintiff, § § | |
| | Civil Action No. 3:20-CV-3443-D |
| VS. § § | |
| UPLIFT EDUCATION, § § | |
| Defendant. § | |

MEMORANDUM OPINION
AND ORDER

This is an action by plaintiff J.T., individually and as next friend of her daughter, M.L., alleging that defendant Uplift Education ("Uplift") is liable for sexual abuse and harassment that M.L. suffered as a kindergarten student at the hands of a male classroom teacher, whom Uplift employed. J.T. asserts two claims against Uplift: one for violating Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 ("Title IX"), and the other, under 42 U.S.C. § 1983, for violating M.L.'s Fourteenth Amendment rights to personal security, bodily integrity, and equal protection.

I

In its prior memorandum opinion and order, *see J.T. ex rel. M.L. v. Uplift Education* (*Uplift I*), 2021 WL 2110897 (N.D. Tex. May 25, 2021) (Fitzwater, J.), the court granted Uplift's motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim, but it also permitted J.T. to replead, *id.* at 4, 6. J.T. has filed the instant second amended complaint ("SAC"), and Uplift moves anew to dismiss for failure to state a claim on which relief can

be granted. The court has heard oral argument.

II

Concluding that J.T.'s SAC contains considerably more detailed allegations than did her first amended complaint and rectifies most of the pleading deficiencies found in the first amended complaint, the court grants Uplift's motion in part and denies it in part.[1]

A

The part of J.T.'s Title IX claim that is based on deliberate indifference before the fact now rests on more detailed allegations against M.L.'s former teacher, Jamil Wazed ("Wazed"). These include assertions that he routinely used a dark and secluded classroom environment (which Uplift tolerated) to molest little girls; that Wazed maintained a tent or walled-off section of the classroom (which would have been obvious to anyone walking by the classroom, and which violated Uplift school policy) in which to take certain female students to demand sexual favors[2]; that Uplift was aware of a substantial risk that Wazed would molest girls in his classroom, and did nothing to stop it; and that Uplift was

---

[1] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

[2] In *Uplift I* the court acknowledged J.T.'s position that Uplift was aware that Wazed kept part of his classroom hidden from view. But the court pointed out that this allegation was not included in the first amended complaint, and "[t]he court expresse[d] no view on whether, if alleged, it would lead the court to conclude that J.T. ha[d] plausibly pleaded that Uplift was deliberately indifferent to a substantial risk of abuse." *Uplift I*, 2021 WL 2110897, at *4 n.4. J.T. has included this allegation in the SAC. *See, e.g.,* SAC ¶ 9.

deliberately indifferent to Wazed's abuse of M.L. The court declines to dismiss this part of J.T.'s Title IX claim based on the pleadings alone.

B

The court grants the motion as to the part of J.T.'s Title IX claim that is based on deliberate indifference after the fact. As pleaded in the SAC, J.T.'s Title IX after-the-fact deliberate indifference claim rests on the premise that Uplift caused M.L. to continue to suffer, and exacerbated the effects of, Wazed's sexual abuse by failing to conduct a meaningful and effective investigation into the abuse, and by failing and refusing to notify the police and the abused children's (including M.L.'s) parents of Wazed's sexual abuse. The SAC asserts that Uplift knew or should have known that sexual abuse can have life-long physical and emotional consequences for children, that uncovering such abuses from young victims is especially difficult, and that Uplift's failure and refusal to provide information about Wazed's sexual abuse of M.L. had the effect of allowing the trauma to go undiscovered and undiagnosed for years, thereby depriving M.L. of a meaningful chance to obtain timely and necessary treatment. The SAC alleges that Uplift's failure and refusal to disclose information necessary for timely medical and psychological treatment caused M.L. to suffer from the effects of the sexual harassment and abuse, and that Uplift's response to Wazed's harassment was clearly unreasonable in light of the known circumstances, and was so deficient as to itself constitute harassment by compounding and preventing treatment for the known effects of that harassment.

But the SAC also alleges that Uplift only acquired actual knowledge in August 2019

that Wazed had sexually abused M.L. and other girls in his classroom; that Uplift investigated the allegations against Wazed that same month; and that Wazed was terminated in late August 2019, within a matter of days after he was accused of this misconduct. The allegations of the SAC only permit the court to draw the reasonable inference that Wazed's harassment of M.L. stopped completely with his termination, even if the deleterious effects likely continued unabated. So far as the court is aware, to be held liable under Title IX, a funding recipient, like Uplift, who does not directly engage in harassment must subject its students to harassment through its deliberate indifference. *See, e.g., Davis ex rel. LaShonda D. v. Monroe Cnty. Bd. of Educ.*, 526 U.S. 629, 645 (1999). At a minimum, this deliberate indifference must cause its students to undergo harassment or make them liable or vulnerable to it. *Id.* But the SAC does not complain that Uplift caused M.L. to undergo harassment or made her liable or vulnerable to it after Wazed was discharged; it alleges that Uplift's acts or omissions subjected M.L. to the *effects* of harassment that she had already suffered due to before-the-fact deliberate indifference.

Accordingly, without prejudice to reconsidering this ruling if the case law develops favorably to J.T.'s position, the court grants Uplift's motion to the extent it is addressed to J.T.'s Title IX claim based on deliberate indifference after the fact.

C

J.T.'s Fourteenth Amendment claim is also based on more detailed allegations, which the court must accept as true. So, for example, the court accepts as true at the pleading stage that Uplift had a persistent and widespread custom of tolerating and facilitating Wazed's

- 4 -

sexual abuse of young girls in his charge, and that this custom was the moving force behind Wazed's unconstitutional sexual abuse of M.L.; that it began well before the abuse of M.L., likely encompassed Wazed's entire time as an Uplift teacher, and persisted after the abuse; that it resulted in a series of sexual assaults so severe and pervasive as to encompass three of the four girls whom Uplift interviewed, making it reasonable to conclude that it encompassed many more girls, over an even longer period; and that these are not isolated violations, and they suggest that Uplift's laxity was so common and well settled as to constitute a custom that fairly represents Uplift's policy. Based on the court's consideration of the § 1983 allegations in the SAC, it denies Uplift's motion to dismiss in this respect.

\* \* \*

Uplift's motion is granted as to the part of J.T.'s Title IX claim based on after-the-fact deliberate indifference, and is otherwise denied.[3]

**SO ORDERED**.

January 31, 2022.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE

---

[3]The court suggests no view on whether J.T. can or cannot prevail and the summary judgment stage or at trial on either or both of her claims. This memorandum opinion and order is based on the pleadings alone, not on what pretrial discovery may or may not show.