IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| J.T., individually and as next friend of M.L., a minor, § § § | |
| Plaintiff, § § Civil Action No. 3:20-CV-3443-D | |
| VS. § § | |
| UPLIFT EDUCATION, § § § | |
| Defendant. § | |

MEMORANDUM OPINION
AND ORDER

Following *in camera* review of submissions made on July 1, 2022 by the Grand Prairie Police Department ("GPPD")[1] pursuant to the court's May 24, 2022 order (ECF No. 75) (extended on June 22, 2022) (ECF No. 80)), and *in camera* review of submissions made on July 1, 2022 by the Dallas County District Attorney's Office ("DA's Office")[2] pursuant to the court's June 28, 2022 order (ECF No. 83), the court orders that the following records be produced.[3]

---

[1] GPPD's written submission, which includes descriptions and summaries of the records submitted and GPPD's arguments in support of withholding production of certain records in this litigation, is docketed under seal as ECF No. 89.

[2] The DA's Office's written submission, which includes descriptions and summaries of the records submitted and the DA's Office's arguments in support of withholding production of certain records in this litigation, is docketed under seal as ECF No. 88.

[3] Defendant Uplift Education ("Uplift") has filed a July 14, 2022 "unopposed" motion for release of Dallas County District Attorney's Office records, which is not yet ripe. It appears that the motion is mooted by this memorandum opinion and order. If so, Uplift may wish to withdraw the motion before a response is due on August 4, 2022. If the motion is

I

Regarding the DA's Office's submission, the court finds following *in camera* review, and pursuant to Tex. Fam. Code Ann. § 261.201(b)(3) (West 2020): (1) that disclosure of the records that defendant Uplift Education ("Uplift") requests in its April 1, 2022 subpoena is essential to the administration of justice, and (2) that disclosure is not likely to endanger the life or safety of a child who is the subject of the report of alleged or suspected abuse or neglect, a person who made a report of alleged or suspected abuse or neglect, or any other person who participated in an investigation of reported abuse or neglect or who provided care for the child.

The court further finds, under Tex. Civ. Prac. & Rem. Code Ann. § 30.006(d) (West 2020), that the records sought are relevant and that there is a specific need for the discovery.

Finally, the court finds, in accordance with Texas Rule of Civil Procedure 192.5(b)(2), that Uplift has a substantial need for the materials it seeks from the DA's Office and is unable, without undue hardship, to obtain the substantial equivalent of the materials by other means.[4]

---

withdrawn, Uplift will still be able to seek further relief from the court if this memorandum opinion and order does not resolve all of the issues raised in that motion.

[4]Uplift, GPPD, and the DA's Office appear to agree that the standard set out in Texas Rule of Civil Procedure 192.5(b)(2) applies in this case. The court expresses no view on whether this rule otherwise applies in a case, like this one, where the court's subject matter jurisdiction is based on a federal question rather than diversity of citizenship.

II

Except as set out below, *see infra* §§ IV and V, and except for the records that the court has already determined are not subject to production, *see* May 24, 2022 Order (ECF No. 75) at 2; June 28, 2022 Order (ECF No. 83) at 2, the court orders the disclosure of all records submitted on July 1, 2022 by GPPD and the DA's Office for *in camera* inspection, subject to the following restrictions.

A

The production and use of all records produced under this memorandum opinion and order are subject to the terms of the protective order entered in this civil action on April 1, 2021 (ECF No. 19) ("Protective Order"), and the corresponding protective-order provisions of the court's May 24, 2022 Order (ECF No. 75) and June 28, 2022 Order (ECF No. 83).

B

Without the court's explicit permission, no person to whom records are disclosed under this memorandum opinion and order may have contact with, or communicate with, orally or in writing, any alleged victim of abuse by Jamil Wazed ("Wazed") or any member of the alleged victim's family.

III

In its July 1, 2022 *in camera* submission to the court, GPPD seeks to withhold production of the handwritten notes (both of the interviewer and the interviewee) taken during the forensic interviews conducted in connection with the investigation of allegations of abuse against Wazed. But the statute on which GPPD relies to withhold production of

these notes, Tex. Fam. Code Ann. § 264.408(d-1) (West 2019),[5] does not apply in the context of this civil action. Moreover, the court concludes that the Protective Order already in place, coupled with the additional restrictions the court is imposing on contacts and communications with Wazed's alleged victims and their family members, *see supra* § II(B), are sufficient to address the policy concerns GPPD raises. Accordingly, GPPD's request to withhold production of these records is denied.

IV

GPPD is not required to produce the following records: (1) RMS Case Notes, page 78 (email from Wazed's wife to Wazed's attorney); (2) Binder 3, pages 728-29 (email between Detective Monroe and Grand Prairie City Attorney that contains attorney work product); and (3) the contents of the "Not Responsive" folder, which is located in the "Atty

---

[5]Tex. Fam. Code Ann § 264.408(d-1) provides:

> An electronic recording of an interview described by Subsection (d) is subject to production under Article 39.14, Code of Criminal Procedure, and Rule 615, Texas Rules of Evidence. A court shall deny any request by a defendant to copy photograph, duplicate, or otherwise reproduce an electronic recording of an interview described by Subsection (d) [(i.e., an interview with a child or person with a disability that is made by a center)], provided that the prosecuting attorney makes the electronic recording reasonably available to the defendant in the same manner as property or material may be made available to defendants, attorneys, and expert witnesses under Article 39.15(d), Code of Criminal Procedure.

Client" folder, which is located in the "Emails" folder (duplicate of Binder 3 at 728-29).[6]

V

GPPD is not required to produce any electronic copies of encrypted emails that require a password to access.

VI

In sum, other than as set out in this memorandum opinion and order, *see supra* §§ IV and V, GPPD and the DA's Office are ordered to produce to one attorney of record for each party in this case exact copies of the records produced to the court for *in camera* inspection. GPPD and the DA's Office are entitled to collect their reasonable costs incurred in producing these records.

VII

On or after 21 days after this memorandum opinion and order is filed, GPPD and the DA's Office must retrieve from the court the flash drives and CDs they have submitted for *in camera* review or request that these materials be destroyed. GPPD is also ordered, within 21 days, to retrieve the hard drive that it delivered to the court in compliance with the court's April 22, 2022 order. Retrieval of these materials can be arranged by contacting the Court

---

[6]The court assumes that the documents GPPD has marked as privileged or as containing attorney work product were disclosed pursuant to a search warrant and that there has been no voluntary waiver of the attorney-client privilege or work-product protection.

Coordinator, Pat Esquivel, at (214)753-2336.

**SO ORDERED**.

July 27, 2022.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE